UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMANI CARTER,

    Plaintiff,

v.

                                                Case No. 24-cv-11990
                                                Hon. Matthew F. Leitman

HOLZMAN LAW, PLLC, *et al.*,

    Defendants.

_____/

**<u>ORDER (1) OVERRULING DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 33); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 32); AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 19)</u>**

      In this action, *pro se* Plaintiff Imani Carter claims that Defendant Holzman Law, PLLC ("Holzman") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") when Holzman attempted to collect a debt that Carter owes. (*See* Am. Compl., ECF No. 10.)  Holzman moved to dismiss Carter's claims (*see* Mot., ECF No. 19), and on February 13, 2025, the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant Holzman's motion in part and deny the motion in part (the "R&R").  Holzman has now filed a timely objection to the R&R. (*See* Obj., ECF No. 33.)  For the reasons

1

explained below, Holzman's objection is **OVERRULED** and its motion to dismiss is **GRANTED IN PART AND DENIED IN PART** as set forth in the R&R.

# I

## A

The Magistrate Judge explained the factual background and procedural history of this case in detail in the R&R. (*See* R&R, ECF No. 32, PageID.140-144.) In brief, Carter alleges that after she "incurred a financial obligation […] for an auto loan," she fell behind on her payments and defaulted on the loan. (Am. Compl. at ¶ 11, ECF No. 10, PageID.30-31.) Holzman thereafter "commenced a lawsuit" against Carter in state court "for the debt owed." (*Id.* at ¶ 12, PageID.31.) On November 14, 2023, the state district court entered a default judgment against Carter. (*See id.* at ¶ 13.) Carter says, among other things, that when attempting to collect on that default judgment, Holzman has "added interest" to the amount she owes that is "not allowed by the contract nor by Michigan law," and she insists that Holzman is "not reporting accurate payment balances" it receives from her. (*Id.* at ¶¶ 27-29, PageID.32-33.)

In her Amended Complaint, Carter brings three claims against Holzman:

- Failing to investigate and modify inaccurate information in violation of Section 1681s-2(b) of the FCRA (the "FCRA Claim");

2

- Making misleading representations about the amount Carter owes and the amount received from her in violation of Section 1692e(2)(A) of the FDCPA (the "Section 1692e Claim"); and

- Attempting to collect more than what she owes in violation of Section 1692f(1) of the FDCPA (the "Section 1692f Claim").

**B**

On August 23, 2024, Holzman filed a motion to dismiss all of Carter's claims. (*See* Mot., ECF No. 19.) The motion was referred to the assigned Magistrate Judge. (*See* Order, ECF No. 21.) The Magistrate Judge held a hearing on the motion, and on February 13, 2025, he issued the R&R. (*See* R&R, ECF No. 32.) In the R&R, the Magistrate Judge recommended that the Court (1) dismiss the FCRA Claim, (2) dismiss the Section 1692e Claim, but (3) deny the motion with respect to the Section 1692f Claim. (*See id.*)

At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wished to seek review of any of his recommendations, they needed to file specific objections with the Court within 14 days. (*See id.*, PageID.152.) Holzman filed a timely objection on February 26, 2025. (*See* Obj., ECF No. 33.) Carter did

3

not file any objections to the R&R.¹ The Court will address Holtzman's objection in detail below.

## II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo. See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III

Holzman raises a single, narrow objection to the recommendation in the R&R. It argues that the Magistrate Judge erred when he recommended that the Court deny its motion to dismiss the Section 1692f Claim. Holzman says that "[a]t most, [Carter] has alleged that fees were added to her default judgment that were not permitted by her contract. That is not sufficient to state a claim [under Section

---

[1] The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Accordingly, because Carter has not filed any objections to the R&R, the Court will adopt the Magistrate Judge's recommended disposition of Carter's FCRA Claim and Section 1692e Claim, and it will **DISMISS** those claims.

1692f] because Michigan law expressly permits the addition of fees to a judgment and the [FDCPA] specifically states that it is not a violation of [that] Act to collect amounts that are permitted by law." (Obj., ECF No. 33, PageID.154.)  Holzman therefore insists that Carter's Section 1692f Claim fails because she did "not, and cannot, allege that [Holzman] collected any amounts that were not permitted by law." (*Id. See also id.*, PageID.156: "The Magistrate failed to note [] that [Carter] did not allege that the fees [added to her default judgment] were not authorized by law.")  The Court disagrees and overrules Holzman's objection.

While Carter's Amended Complaint is not artfully drafted, she does allege that Holzman collected amounts that were "not permitted by law."  Indeed, in paragraph 27 of her Amended Complaint, she alleges that "Holzman added an interest chart to the [state court] lawsuit showing 16 percent would be added daily[,] nevertheless, this interest was not allowed by the contract *nor by Michigan law.*" (Am. Compl. at ¶ 27, ECF No. 10, PageID.32; emphasis added.)  And that allegation was expressly incorporated into her Section 1692f Claim. (*See id.* at ¶ 48, PageID.35.)  Thus, contrary to Holzman's representations in its objection that Carter "has not, and cannot, allege that [Holzman] collected any amount that was not authorized by law" (Obj., ECF No. 33, PageID.158), Carter did include such an allegation in her Amended Complaint.  And while Carter's allegations could have been articulated more clearly and directly, given that *pro se* pleadings should be

5

"liberally construed," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that Carter's Section 1692f Claim sufficiently alleges that Holzman collected an amount not authorized by law. The claim is therefore best resolved on summary judgment.

## IV

For the reasons explained above, Holzman's objection (ECF No. 33) to the R&R (ECF No. 32) is **OVERRULED**. The Court therefore **ADOPTS** the recommended disposition of the R&R and **GRANTS IN PART AND DENIES** in part Holzman's motion to dismiss (ECF No. 19). The motion is **GRANTED** with respect to Carter's FCRA Claim and her Section 1692e Claim. Those claims are **DISMISSED**. The motion is **DENIED** with respect to the Section 1692f Claim.

**IT IS SO ORDERED**.

                                                                s/Matthew F. Leitman
                                                                MATTHEW F. LEITMAN
                                                                UNITED STATES DISTRICT JUDGE

Dated: March 20, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2025, by electronic means and/or ordinary mail.

                                                                s/Holly A. Ryan
                                                                Case Manager
                                                                (313) 234-5126